## UNITED STATES DISTRICT COURT FOR
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 26-cv-20405-JB

IBEY CHAVIANO JUVIER,

      Petitioner,

v.

FIELD OFFICE DIRECTOR,
Miami Field Office,
U.S. Immigration and Customs Enforcement,
*et al.*,

      Respondents.
_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Ibey Chaviano Juvier's Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Return Opposing Petition for Writ of Habeas Corpus and Petitioner filed a Traverse. ECF Nos. [10], [12]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

### I.  BACKGROUND

Petitioner is a Cuban citizen who has resided in the United States since February 2021. ECF No. [1] ¶43. In February 2021, Petitioner entered the United States and turned himself over to Customs and Border Protection ("CBP") in Arizona.

1

*Id.* ¶44.  Immigration authorities released him on his own recognizance[1] and required that he check-in with immigration officials regularly.  *Id.*  ¶45.  Petitioner also promptly filed an asylum application.[2]  *Id.* ¶45.

On August 11, 2025, the Live Oak Police Department arrested Petitioner charging him with a "Hit and Run," and transporting him to the Suwanee County Jail.  *See id.* ¶46; *see also* ECF No. [10-2] at 2.  The charge remains pending.  ECF No. [10-2].  That same day, the Suwanee County Jail contacted the Tallahassee Immigration and Customs Enforcement team ("ICE") for further investigation as to his immigration status.  ECF No. [10-2] at 2.  Petitioner has been detained since August 11, 2025, and is now being held at the Krome North Processing Center.  ECF No. [1] ¶ 46.

On October 31, 2025, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA")[3], charging Petitioner with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled," and thereby initiated removal proceedings against Petitioner under 8 U.S.C. § 1229(a).  ECF No. [10-9].

On November 14, 2025, Petitioner appeared before an Executive Office for Immigration Review ("EOIR") immigration judge ("IJ") where the IJ sustained the charges of removal.  *See* ECF No. [10] at 3.  On December 5, 2025, Petitioner appeared

---

[1] Petitioner and Respondents agree that Petitioner was initially released on his own recognizance, but Respondents failed to provide the relevant supporting documentation.
[2] Respondents did not provide a copy of Petitioner's application.
[3] Respondents did not provide any other NTA issued by DHS.

before the IJ again for a bond hearing.  ECF No. [1] ¶ 50.  The IJ denied bond without conducting a dangerousness or risk of flight determination, concluding that the court lacked jurisdiction over Petitioner's detention status pursuant to the Board of Immigration Appeals' ("BIA") published decision in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which found that IJs lack authority to consider bond requests of noncitizens who have resided in the United States but have not been admitted or paroled because those individuals are subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2).  *See id.*; 29 I. & N. Dec. at 221; *see also* ECF No. [10-6].  Petitioner appeared before an IJ again on December 12, 2025, and January 13, 2026.[4]  ECF No. [10] at 3.  The next master calendar hearing is scheduled for February 24, 2026.  *Id.*

On January 22, 2026, Petitioner filed the instant Petition.  ECF No. [1].  Petitioner raises two claims:  Count I alleges that Petitioner's continued detention without a bond hearing contravenes the INA because the mandatory detention provision at 8 U.S.C. § 1225(b)(2) was improperly applied to him, as a person who previously entered the United States and was residing in the country before being placed in removal proceedings.  *Id.* ¶¶ 52–54.  Count II alleges that Petitioner's continued detention without an individualized bond hearing violates substantive and procedural due process and challenges his continued immigration detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *Id.* ¶¶ 55–58.  Petitioner requests that the

---

[4] Respondents did not provide any transcript or audio documentation for these hearings.

Court, among other things, (i) issue a writ of habeas corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days, (ii) declare that "Petitioner's detention is unlawful," and (iii) award attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). *Id.* at 12(e).

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A. <u>Jurisdiction</u>

Respondents argue that the Court lacks jurisdiction to consider the Petition based upon (i) 8 U.S.C. § 1252(e)(3), (ii) 8 U.S.C. § 1252(g), and (iii) 8 U.S.C. § 1252(b)(9). ECF No. [10] at 3–5. The Court rejects these arguments and addresses each provision in turn.

#### i. <u>8 U.S.C. § 1252(e)(3)</u>

Respondents argue that section 1252(e)(3) deprives this Court of jurisdiction because it provides the U.S. District Court for the District of Columbia with exclusive

authority to review "determinations under section 1225(b) of this title and its implementation." 8 U.S.C. § 1252(e)(3)(A).  The Court is not persuaded.

First, section 1252(e)(3) is titled "Challenges on validity of the system." 8 U.S.C. § 1252(e)(3).  Petitioner does not raise any systemic challenges, nor does he challenge the implementation of section 1225(b)(2).  Petitioner challenges the lawfulness of *his* detention without a bond hearing, not the validity of the statutory scheme itself.

Second, section 1252(e)(3) only applies to determinations of "(i) whether such section, or any regulation issued to implement such section, is constitutional; or (ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law."  8 U.S.C. § 1252(e)(3)(A)(i), (ii). Petitioner does not challenge the lawfulness of any particular statute, regulation, or written policy or procedure.  Rather, Petitioner asserts that Respondents lack authority to detain him under section 1225(b)(2)'s mandatory detention scheme because his detention is governed by section 1226(a), which entitles noncitizens such as Petitioner to a bond hearing.

Finally, section 1252(e)(3) is inapplicable as it is limited, by its express terms, to determinations under section 1225(b) and, as explained below, section 1225(b) does not apply here.  For these reasons, the Court concludes, as have numerous courts in this Circuit and around the country, that section 1252(e)(3) does not deprive this

5

Court of jurisdiction over Petitioner's claims.  *See Rojano Gonzalez v. Sterling*, No. 25-cv-6080, 2025 WL 3145764, at *3 (N.D. Ga. Nov. 3, 2025); *J.A.M. v. Streeval*, No. 4:25-cv-342, 2025 WL 3050094, at * 1 (M.D. Ga. Nov. 1, 2025); *Mata Velasquez v. Kurzdorfer*, No. 25-cv-493, 2025 WL 1953796, at *6-7 (W.D.N.Y. July 16, 2025); *Orozco-Martinez v. Lynch*, No. 25-cv-1353, 2025 WL 3223786, at * 2 (W.D. Mich. Nov. 19, 2025); *Morales Rodriguez v. Arnott*, No. 6:25-cv-00836, 2025 WL 3218553, at * 2 (W.D. Mo. Nov.18, 2025); *Cardona-Lozano v. Noem*, No. 25-cv-1784, 2025 WL 3218224, at *2 (W.D. Tex. Nov. 14, 2025); *Munoz Materano v. Arteta*, No. 25-cv-6137, 2025 WL 2630826, at * 10 (S.D.N.Y. Sept. 12, 2025).

### B. **Legality of Petitioner's Mandatory Detention**

Respondents contend that Petitioner's entry into the United States without inspection or admission renders him an "applicant for admission" under 8 U.S.C. section 1225(b)(2)(A), making him subject to mandatory detention and ineligible for a bond hearing.  ECF No. [10] at 5–6.  Petitioner asserts that his detention is governed by 8 U.S.C. section 1226(a), which allows for the release of noncitizens on bond.  ECF Nos. [1] at ¶ 38, [12] at 3–6.  The Court examines each of these statutes in turn.

#### i. **8 U.S.C. § 1225**

Section 1225 governs the inspection, detention, and removal of applicants for admission.  *See* 8 U.S.C. § 1225 *et seq*.  Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States."  *Id*.  All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country

6

consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[5]  To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)."  *Id.* at 289 (emphasis added).

"Section 1225(b)(1) applies to all aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation."  *Id.*  Such noncitizens are generally subject to expedited removal "without further hearing or review."  8 U.S.C. § 1225(b)(1).  However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer.  *Id.* § 1225(b)(1)(A)(ii).  If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum."  *Id.*

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)."  *Jennings*, 583 U.S. at 287.  Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country.  8 U.S.C. § 1225(b)(2)(A).  Importantly, detention under § 1225(b)(2) is

---

[5] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes.  Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings."  *Jennings*, 583 U.S. at 285–89.

mandatory.  *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii.   8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added).  Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release.  *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2.  Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### iii.   Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)

The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the

courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

From the outset of Petitioner's case, both CBP and DHS proceeded under section 1226. Specifically, The NTA that DHS issued to Petitioner did not classify him as an "arriving alien." ECF No. [10-9] at 1. Instead, the NTA charged him as "present in the United States without admission or parole." *Id*. This classification places him squarely within section 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at *8 (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the

United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

In addition, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sept. 9, 2025). As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at *5; *see also Barrera*, 2025 WL 2690565, at *4 (citation omitted). The circumstances surrounding Petitioner's detention align with section 1226(a), not section 1225(b)(2). Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive interpretation of section 1225. *See, e.g., Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, ECF No. [41], (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v.*

*Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Alvarez v.*

*Morris*, 25-cv-24806, ECF No. [6], (S.D. Fla. Oct. 27, 2024) (collecting cases).

Petitioner's detention is governed by section 1226(a) and, therefore, he is

entitled to an individualized bond hearing before an IJ.   As such, Petitioner's

mandatory detention under section 1225(b) without conducting a dangerousness and

risk of flight determination rests on an incorrect statutory interpretation and

contravenes the INA.   Accordingly, Count I of the Petition is meritorious, and

Petitioner is entitled to relief thereon.

The Court declines to reach the merits of Petitioner's Fifth Amendment due

process claims raised in Count II of the Petition, as it is granting the relief he seeks

in Count I.  *See, e.g.*, *Puga*, 2025 WL 2938369, at *6 (declining to reach the merits of

the petitioner's due process claim because it granted the requested relief in another

count, but allowing the due process claim to be reasserted if the respondents do not

comply with the court's order to provide a bond hearing or release); *Pizarro Reyes*,

2025 WL 2609425, at *8.   Should Respondents fail to comply with this Order by

providing Petitioner a bond hearing consistent with section 1226(a), Petitioner may

renew his due process claim.   Given that Count II is unripe claims contingent on

Petitioner not receiving a custody determination hearing under section 1226(a), "the

Court must dismiss it without prejudice[.]"   *Babilla v. Allstate Ins. Co.*, No. 20-cv-

1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020) (citations omitted); *see also*

*Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication

if it rests upon 'contingent future events that may not occur as anticipated, or indeed

may not occur at all[.]'" (alteration added; quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).  Further, given that the Court is granting relief on Count I, Petitioner's alternative claim in Count IV is likewise dismissed without prejudice.

## III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED   AND   ADJUDGED**   as follows:

1.     Petitioner Ibey Chaviano Juvier's Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**. The Court has determined that Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.     The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 11th day of February, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**